RECEIVED
IN ALEXANDRIA, LA
JUL 17 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROOSEVELT STEWART,<br>　　　　Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. CV04-2573-A |
| VERSUS | |
| LPN MALONE, et al.,<br>　　　　Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Roosevelt Stewart ("Stewart") on December 20, 2004, and amended on March 7, 2005 (Doc. Item 5) and July 1, 2005 (Doc. Item 7). The named defendants are Pat Thomas ("Thomas"), Nurse Rials, LPN Coleman, Warden Tim Wilkinson, LPN Malone, LPN Foster, LPN Lori Howard, LPN Carla Burke, Nurse Angie Davis, Nurse Mary Fobbs, Nurse Kerry, Nurse Hall and Kathy Richardson,[1] all of whom were employed at the

---

[1] Stewart also moved to add as defendants LPN Creel, LPN Mcguire, LPN Pat Bell, and Warden Angel Martin (Doc. Item 5). Since Stewart sought to add these defendants prior to service and answer by defendants, a motion was unnecessary. However, Stewart did not request summonses on Creel, Mcguire, Bell, and Martin, and no attempt was made to effect service. Accordingly, it will be recommended that the complaint against these defendants be dismissed without prejudice under Fed.R.Civ.P. 4(m). See

Winn Correctional Center ("WCC") in Winnfield, Louisiana, in March 2004. Stewart alleges that, while he was incarcerated at the WCC in March, 2004, he was denied eye glasses and medical care for episodes of high blood pressure was intentionally delayed. For relief, Stewart asks for monetary damages. Stewart is currently incarcerated in the Winn Correctional Center.

LPN Malone, Nurse Kerry, and Nurse Rials were never served. Malone no longer works at WCC and her new address was unknown to both Stewart and the defendants (Doc. Item 18), no one by the name of Frances Kerry was employed at WCC (Doc. Item 19), and Stewart never requested service of a summons on Nurse Rials. Accordingly, I will recommend that the complaint against these defendants be dismissed without prejudice under Fed.R.Civ.P. 4(m). See <u>McGinnis v. Shalala</u>, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994); <u>Systems Signs Supplies v. U.S. Dept. of Justice</u>, 903 F.2d 1011, 1013 (5th Cir. 1990); <u>Kersh v. Derosier</u>, 851 F.2d 1509, 1512 (5th Cir. 1988).

All defendants except Coleman, Foster, and Hall answered the complaint (Doc. Item 22). Stewart was granted a default against Coleman, Foster and Hall, but told a judgment would not be entered in his favor until he proved his case against them (Doc. Item 28,

---

<u>McGinnis v. Shalala</u>, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994); <u>Systems Signs Supplies v. U.S. Dept. of Justice</u>, 903 F.2d 1011, 1013 (5th Cir. 1990); <u>Kersh v. Derosier</u>, 851 F.2d 1509, 1512 (5th Cir. 1988).

and order dated December 13, 2005).

Stewart filed a motion for summary judgment, with documentary exhibits and a statement of undisputed facts (Doc. Item 34). Defendants, except Coleman, Foster and Hall, filed a cross-motion for summary judgment with documentary exhibits and a statement of undisputed facts (Doc. Item 45). Coleman, Foster and Hall have not opposed Stewart's motion for summary judgment. The cross-motions are now before the court for disposition.

## Law and Analysis

### The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts

submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Although a party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact, a defendant moving for summary judgment may rest on the absence of evidence to support the plaintiff's case. Celotex, 106 S.Ct. at 2553; International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., 812 F.2d 219, 222 (5th Cir. 1987). Once this burden has been established, the burden shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986).

Denial of Medical Care

Stewart contends WCC Warden Wilkinson, Nurse Rials, LPN Coleman, Nurse Davis, and WCC Medical Director Pat Thomas were deliberately indifferent to his need for eyeglasses and alleges the WCC practice of having only one visit per month to WCC by an eye doctor is inadequate to provide inmates with medical care for

4

eyesight problems on an emergency or need basis. Stewart contends his left eye was unfocused and his right eye vision was blurry, and that, as a result of not having glasses to wear, he suffered headaches. Stewart argues that defendants were deliberately indifferent to his serious medical need for vision care by failing to provide that care on an emergency basis.

Stewart further alleges that on October 13-17, 2004, Medical Director Pat Thomas, LPN Malone, LPN Coleman, LPN Foster, and LPN Howard intentionally delayed and denied medical care for his hypertension, which resulted in nosebleeds.

1.

Stewart contends he was denied timely vision care, as well as emergency vision care, by Warden Wilkinson, Nurse Rials, LPN Coleman, Nurse Davis, and Medical Director Pat Thomas.

Defendants raise the defense of lack of exhaustion of administrative remedies. However, Stewart contends that Rials and Coleman tricked him into dropping his ARP concerning lack of medical care for his eyesight by promising to provide him with some glasses to use until the eye doctor examined him (See Doc. Item 34, p. 101). Stewart contends the eyeglasses were not provided when he wanted them because Director Pat Thomas said Stewart would not be provided with eyeglasses until the doctor examined him (Doc. Item 34, pp. 101-105). Stewart refiled his ARP, but alleges the prison officials never responded to his new ARP, thereby interfering with

his access to the courts.

Since there is no constitutional right to an administrative remedy procedure, an inmate is not denied access to the courts because of the lack of an ARP at a correctional facility. Exhaustion of administrative remedies is not required in a Section 1983 suit where the prison grievance procedures do not provide for such relief. 42 U.S.C. § 1997e; <u>Arvie v. Stalder</u>, 53 F.3d 702, 704-5 (5th Cir. 1995), and cases cited therein; <u>Shah v. Quinlin</u>, 901 F.2d 1241, 1243 n.2 (5th Cir. 1990). Likewise, where prison officials fail to adhere to the grievance procedures, exhaustion is not required. Although an affidavit from Mona Heyse, the "quality assurance officer" for WCC shows Stewart did not file an ARP on his vision care claim (Doc. 47, Ex. B), copies of Stewart's records which he submitted indicate otherwise (Doc. Item 34, pp. 100-103). Since Stewart apparently filed a grievance as his vision care issue, which the prison officials failed to respond to, Stewart's claim is considered to be exhausted.

However, Stewart has not alleged any injury associated with the denial of "timely" vision care. Stewart only contends that WCC should provide vision care on an emergency basis and more frequently, instead of having a waiting period of about three months. Moreover, Stewart has not claimed he never received vision care, but only that he did not receive it as quickly as he wanted it. Stewart has failed to show defendants were deliberately

indifferent to his serious medical need because he was on a waiting list to see an eye doctor. Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997), citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "Subjective recklessness", as used in the criminal law, is the appropriate test for deliberate indifference. Norton, 122 F.3d at 292, citing Farmer v. Brennan, 511 U.S. 825, 838-40, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994). Stewart has not alleged or shown that defendants unnecessarily and wantonly inflicted pain on him by placing him on the vision care waiting list.

Since Stewart has not alleged or shown that defendants were deliberately indifferent to his serious medical need for vision care, there are no genuine issues of material fact which would preclude a summary judgment in favor of defendants on this issue. Therefore, Stewart's motion for summary judgment should be denied and defendants' motion for summary judgment should be granted on this issue.

2.

Stewart also contends he was denied medical care for his hypertension by Medical Director Pat Thomas, LPN Coleman, LPN Foster, LPN Howard, RN Davis, LPN Fobbs, LPN Burke and RN Richardson. However, Stewart submitted medical records from

LSUHS/Charity in New Orleans and LSU Medical Center which indicate he received outside medical care both before and after he was transferred to WCC, medical records from the WCC physician which show his condition was being monitor and treated by a physician at WCC, and medical records from the nursing staff at WCC as to medications given and treatment for his episodes of escalated blood pressure, nosebleeds, chest pain, and headaches (Doc. Item 34). It is clear from those records that Stewart suffers from severe, uncontrolled hypertension and is taking several different medications.

The medical records show Stewart's blood pressure is uncontrolled, but that he is frequently treated in the prison infirmary (Doc. Items 34, 47), is monitored by the prison physician (Doc. Item 34), and has been evaluated and treated by outside physicians (Doc. Item 34). Although Stewart complains his treatment has not always been immediate, and he has not always agreed with the treatment afforded by the prison nurses, those complaints do not amount to more than a disagreement with treatment and, given the fact that Stewart's condition was being monitored and treated by physicians, do not state constitutional violations.

Since there are no genuine issues of material fact as to whether Stewart has received medical care for his hypertension, a summary judgment should be granted in favor of defendants Medical Director Pat Thomas, LPN Coleman, LPN Foster, LPN Howard, RN Davis,

LPN Fobbs, LPN Burke and RN Richardson on this issue.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Stewart's complaint against LPN Malone, LPN Kerry, and Nurse Rials be DISMISSED WITHOUT PREJUDICE for failure to effect service of process.

IT IS ALSO RECOMMENDED that defendant's motion for summary judgment be GRANTED and Stewart's motion for summary judgment be DENIED on all issues.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 17th day of July, 2006.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE