U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 1 4 2006

ROBERT H. SHEMWELL, CLERK
BY _____ 
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| Roosevelt Stewart,<br>  Plaintiff | CIVIL ACTION<br>Section "P"<br>NO. CV04-2573-A |
| VERSUS | |
| LPN Malone, et al.,<br>  Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### SUPPLEMENTAL REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Pro se plaintiff, Roosevelt Stewart ("Stewart"), filed a civil rights complaint on December 20, 2004, and amended on March 7, 2005 (Doc. Item 5) and July 1, 2005 (Doc. Item 7). The named defendants are Medical Director Pat Thomas, Nurse Rials, LPN Coleman, Warden Tim Wilkinson, LPN Malone, LPN Foster, LPN Lori Howard, LPN Carla Burke, Nurse Angie Davis, Nurse Mary Fobbs, Nurse Kerry, Nurse Hall and Kathy Richardson. Stewart alleged that while incarcerated at Winn Correctional Center ("WCC"), he was denied eye glasses and was intentionally denied medical care for symptoms resulting from high blood pressure, including chest pain and nose bleeds. For relief, Stewart sought monetary damages. Stewart is currently incarcerated in the Winn Correctional Center.

A Report and Recommendation which recommended dismissal of

Stewart's complaint against LPN Malone, LPN Kerry and Nurse Rials for failure to effect service of process; granted defendants' motion for summary judgement; and, denied Stewart's motion for summary judgment was issued on July 17, 2006 (Doc. Item 58). Following objections by Stewart (Doc. Items 59, 60, 61), the district judge remanded the case (Doc. Item 62) for a supplemental report and recommendation to address issues raised by Stewart in his objections to both the Report and Recommendation and the order denying his motion to compel.

In his objections, Stewart argues a genuine issue of material fact exists regarding defendants' alleged deliberate indifference to his need for eye glasses and treatment for hypertension. Thus, defendants' motion for summary judgment should have been denied. Additionally, Stewart argues that he was prejudiced by the denial of his motion to compel the production of log books from the infirmary and security desk as information therein would have further supported his motion for summary judgment.

## **Law and Analysis**

### **Summary Judgment Motion**

Stewart argues that because the defendants' failed to produce evidence negating each and every allegation that he was denied medical care, a genuine issue of material fact exists. However, "[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Stewart bears the burden of proving his claim for medical mistreatment under the Eighth Amendment. To properly establish such a claim, he must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gable, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Stewart must prove the defendants' deliberate indifference by showing they "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Tex. Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Stewart fails to prove defendants were deliberately indifferent to his request for eye care. He does not allege that he never received the eye care he requested. In fact, he acknowledges that he was placed on the waiting list to see an eye doctor. The essence of his complaint is that he was displeased with the time frame in which treatment was ordinarily provided. However, a delay in receiving medical care does not in and of itself constitute an Eighth Amendment violation. Stewart would have to prove deliberate indifference which resulted in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993). No

3

such showing has been made. Accordingly, no genuine issue of material fact exists regarding this issue.

Stewart's contentions that his requests for medical care were ignored and that treatment was denied also fail to establish a claim for deliberate indifference. While he asserts the defendants frequently required him to wait in the infirmary waiting room when he requested treatment for hypertension, nose bleed and/or chest pains, he acknowledges that he received a pass from guards upon requesting medical attention, was allowed to go to the infirmary and was ultimately seen by a prison nurse. Additionally, medical records produced by both Stewart(Doc. Item 34) and defendants (Doc. Item 45)support the fact Stewart received medical attention. Stewart received outside medical care both before and after he was transferred to WCC; his condition was monitored and treated by a physician at WCC; and, the nursing staff at WCC provided medications and treatment for his episodes of escalated blood pressure, nosebleeds, chest pain and headaches. Though Stewart may have disagreed with timing of and manner in which treatment was provided, it does not amount to a constitutional violation. Mendoza v. Lynaugh, 989 F.2d at 193; Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985); Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1979).

Stewart fails to substantiate his claims that defendants were deliberately indifferent to his medical needs for either eye care

or hypertension. Accordingly, as there are no genuine issues of material fact, summary judgement should be granted in favor of defendants on all counts.

**Motion to Compel**

Stewart's objection to the denial of his motion to compel is moot. Even assuming that the information sought from the log books would support Stewart's claim that he requested emergency care on the dates in question, it would not change the outcome of the matter. Stewart was provided constitutionally adequate medical care.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendant's motion for summary judgment be GRANTED and Stewart's motion for summary judgment be DENIED on all issues.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this _11th_ day of September, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE